UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY DARCEL BROOKS,

    Petitioner,                               Case No. 2:20-CV-11532
                                                  Hon. Linda V. Parker

v.

HEIDI L. WASHINGTON,

    Respondent.
_____/

**<u>OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN</u>**

Terry Brooks, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, and proceeding *pro se*, filed this action seeking release on bond due to the COVID-19 pandemic. (ECF No. 1.) Petitioner claims Fifth and Fourteenth Amendment protections in support of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and notes that he "is not attacking the conviction, only the current imminent danger of the coronavirus." (*Id.* at Pg. ID 1.)

Petitioner seeks early release from his prison term based on the Michigan Department of Correction's inability to house inmates appropriately to prevent contagion. (*Id.* at Pg. ID 2-3.) He argues that his age—60 as of July 2020—increases his risk of severe illness and death. (*Id.* at Pg. ID 3.) In the interests of

justice, the Court concludes that the proper venue for this action is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

## I. DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). When a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (citing to *Rumsfeld,* 542 U.S. at 435).

Petitioner is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might

have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000) (Gadola, J.); 28 U.S.C. § 1404(a). And when venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte*. *See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002); *Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

Accordingly, the Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity of [Petitioner's] claims, and the risks to [Petitioner's] health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Barrera v. Decker*, 2020 WL 1686641, at * 1 (S.D.N.Y. Apr. 7, 2020).

## II. ORDER

For the reasons stated above, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 25, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 25, 2020, by electronic and/or U.S.

3

First Class mail.

s/ R. Loury
Case Manager

4